United States District Court
Southern District of Texas
ENTERED

AUG 27 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED

AUG 26 1998

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ANTONIO BARRIENTES, § | |
| Petitioner, § | |
| § | |
| VS. § | CASE NO. B-89-044 |
| § | |
| GARY L. JOHNSON, Director, § | |
| Texas Department of Criminal Justice, § | |
| Institutional Division, § | |
| Respondent. § | |

## ORDER

Before the Court is the Petitioner's Motion for Nunc Pro Tunc Re-appointment and replacement of other previously appointed counsel and to authorization of payment of interim compensation to Appointed Counsel for Petitioner.

Subject to the limitations issued by the United States Fifth Circuit Court of Appeals as per the attached Order, it is ORDERED, ADJUDGED and DECREED that the Petitioner's Motion for Nunc Pro Tunc Re-appointment and replacement of other previously appointed counsel and to authorization of payment of interim compensation to Appointed Counsel for Petitioner should be and is hereby GRANTED.

Done this 26th day of August, 1998, in Brownsville, Texas.

Filemon B. Vela
United States District Judge

# THE JUDICIAL COUNCIL OF THE FIFTH CIRCUIT

## SPECIAL PROCEDURES FOR REVIEWING ATTORNEY COMPENSATION REQUESTS IN STATE DEATH PENALTY HABEAS CORPUS CASES

The Judicial Conference of the United States has requested that each Circuit Council formulate procedures to review requests for attorney compensation in excess of $100,000.00 in state death penalty habeas corpus cases. Pursuant to that request, the Judicial Council of the Fifth Circuit now adopts the following policy, effective October 1, 1998. This policy shall apply to all requests for attorney compensation in state death penalty habeas corpus cases brought in federal court under 28 U.S.C. § 2254.

1. Any request for compensation in excess of $50,000.00 is presumptively excessive;

2. Attorneys' fees billed at a rate in excess of $125.00 per hour are presumptively excessive;

3. Any attorney's fees request which is presumptively excessive, either because of the hourly rate or the total amount requested, must be justified by the requesting attorney in a written submission filed with the district judge handling the habeas case;

4. The district judge shall forward the fee request to the chief judge of the circuit with a brief written statement recommending approval or denial of the request;

5. The amount of fees to be awarded to the attorney shall be determined by the chief judge of the circuit or his/her designated representative.

Approved:    August 3, 1998

Effective:    October 1, 1998