United States District Court
Southern District of Texas
ENTERED

SEP 25 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ANTONIO BARRIENTES, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>GARY L. JOHNSON, Director, )<br>Texas Department of Criminal Justice, )<br>Institutional Division, )<br>)<br>Respondent. ) | CASE NO. B-89-044 |

## CASE STATUS ORDER

THIS MATTER was before the Court on September 22, 2000 for a status conference, the Court having received the parties' joint Case Procedural Status Memorandum and hearing the statements of counsel, enters the following orders and findings of fact:

Based on the representations and acknowledgments of the parties contained in the Case Procedural Status Memorandum and those of the parties at this and the previous status conference which the Court accepts as true, including that: (i) Petitioner has represented that the copy of the Sheriff's File that has been attached to Petitioner's pleadings in this case is a true and complete copy of the Sheriff's File as provided to Petitioner's counsel by the Cameron County District Attorney and represented by that office as being a true and complete copy of the original Sheriff's File; (ii) that despite a diligent search, Respondent cannot locate the Cameron County Sheriff's investigative materials relating to its investigation of the April 5, 1979, murder of

- 2 -

Ronald Roger Vance (the material referred to as the "Sheriff File" in the 5th Circuit's August 7, 2000, opinion in this matter) (the "Sheriff's File"); (iii) that Respondent has no facts to controvert the authenticity of the copy of the Sheriff's File attached to the Petitioner's pleadings in this matter; and (iv) that Respondent has made the following judicial admission in the Case Procedural Status Memorandum: "the State does not object to, and in not objecting hereby waives its right to appeal, the Court entering an order finding that the copy of the Sheriff's File that has been attached to Petitioner's pleadings in this case is the best available evidence of the original and is an authentic copy of the Sheriff's File ,"

THE COURT HEREBY FINDS AND ORDERS that for all purposes in this matter, the copy of the Sheriff's File that has been attached to Petitioner's pleadings in this case is the best available evidence of the original and is an authentic copy of the original Sheriff's File and investigative materials.

THE COURT FURTHER ORDERS the following:

(1)  The Petitioner shall commence written discovery by October 6, 2000 and the Respondent shall respond to all such discovery within twenty (20) days of the date it is propounded by Petitioner so that discovery is completed by October 26, 2000;

(2)  Based on Respondent's position that it has no evidence with which to refute Petitioner's previously adduced evidence and further that an evidentiary hearing is not required, Respondent has not requested any discovery and no discovery rights are granted to Respondent;

(3)  Discovery shall be completed by October 26, 2000, except for good cause shown, either party may seek leave of the Court to conduct discovery beyond October 26, 2000;

(4)  Because of Respondent's position that an evidentiary hearing is neither required

- 3 -

nor requested, on or before November 1, 2000, Petitioner shall advise the Court and Respondent whether Petitioner requires an evidentiary hearing to establish controverted facts;

(5) If Petitioner advised that an evidentiary hearing is <u>not</u> required, then this matter shall be submitted to the Court on the parties' written briefs filed simultaneously on December 1, 2000 with reply briefs, if any, filed on December 15, 2000; and

(6) As soon after January 1, 2001 as is convenient to the Court and parties, the Court will hold a status conference to determine if oral argument is requested by any party or deemed helpful by the Court.

If the Petitioner advises the Court that an evidentiary hearing is required, the Court will hold a further status conference or set this matter for hearing, as the Court determines at that time.

Done this 25th day of September, 2000.

_____
Filemon B. Vela
United States District Court