IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN 12 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| ANTONIO BARRIENTES, | ) |
| Petitioner, | ) |
| v. | ) CASE NO. B-89-044 |
| GARY L. JOHNSON, Director, Texas Department of Criminal Justice, Institutional Division, | ) |
| Respondent. | ) |

## ORDER GRANTING WRIT OF HABEAS CORPUS

Before this Court on remand from the Fifth Circuit Court of Appeals' August 7, 2000 judgment is Petitioner's Combined Motion for Summary Judgment and Supporting Memorandum Brief on All Issues Remanded by the Fifth Circuit together with Petitioner's exhibits thereto ("Petitioner's Combined Motion"), Respondent Johnson's Advisory to the Court of his Abandonment of Prior Reliance on Procedural Default ("Respondent's Advisory"), and the record of Petitioner's state and federal post conviction proceedings in which he claims that he is being denied his liberty as a result of an illegal and unconstitutional judgment, conviction and sentence of death entered by the 197th Judicial District of Cameron County, Texas, on April 24, 1985.

This Court has read the parties' pleadings, reviewed the record, and considered the issues raised by the Fifth Circuit for resolution on remand and, in light of the applicable legal standards, is of the opinion that the proceedings that lead to Petitioner's sentence of death at the "penalty" phase of trial did not meet the required procedural protections guaranteed by the Constitution of

the United States of America. Further, Petitioner has established cause and prejudice as both a factual and legal matter to obtain habeas relief on his procedurally defaulted claims. *See, Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), and Petitioner's Combined Motion and the supporting facts of record (all of which are undisputed by Respondent). Moreover, on remand Respondent "expressly abandons his prior reliance on any exhaustion, procedural default, or time bar defenses with regard to the five remanded claims, and does not dispute this court's prior determination on the merits that Barrientes is entitled to a new sentencing hearing." Respondent's Advisory, page 4. Accordingly, Mr. Barrientes' Petition for a Writ of Habeas Corpus with respect to the constitutionality of his death sentence should be granted as to his five (5) remanded claims. This Court specifically finds that Mr. Barrienets has established the merits of each of his five (5) remanded claims based on the reasons and facts set forth in Petitioner's Combined Motion which this Court hereby adopts as its findings of facts and conclusions of law in support of this writ.

 This Court grants this writ of habeas corpus on the strength of the entire record before it on remand, including but not limited to Petitioner's Combined Motion, as well as Respondent's Advisory which represents expressly that Respondent does not dispute and will not appeal the issuance of this writ of habeas corpus with respect to Mr. Barrientes' five (5) remanded claims. Respondent's Advisory, page 5.

 Wherefore, this Court being fully advised in the premises does hereby **ORDER** that Mr. Barrientes' Petition for Writ of Habeas Corpus with respect to his death sentence is **GRANTED** as to the five (5) remanded claims. **IT IS FURTHER ORDERED** that Petitioner shall be released from the custody of the Director unless the state court of conviction either (1) initiates a

proceeding for a new sentencing trial, unless another proceeding is required by law, or (2) vacates Petitioner's death sentence and imposes a sentence less than death consistent with law, either of which must occur within one hundred eighty (180) days of the date of this Order.

Done this 12th day of January, 2001, in Brownsville, Texas.

_____
Filemon B. Vela
United States District Judge

Acknowledged and Stipulated:

By: _____
Howard M. Haenel
Attorney in Charge
Antonio Bates Bernard PC
3200 Cherry Creek Dr. So., Suite 380
Denver, CO 80209

By: _____
Kelli L. Weaver
Assistant Attorney General
State of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711

**ATTORNEYS FOR RESPONDENT**

and Of Counsel:

By: _____
Todd E. Kastetter
Montgomery, Kolodny, Amatuzio,
 Dusbabek & Parker, L.L.P.
475 Seventeenth Street, 16th Floor
Denver, CO 80202

and

Joseph A. Connors III
So. Dist. Texas Bar Id. No. 3799
Texas Bar No. 04705400
P. O. Box 5838
McAllen, Texas 78502-5838

**ATTORNEYS FOR PETITIONER**

3