78

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 0 2 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| **ANTONIO BARRIENTES,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **CASE NO. B-89-044** |
| ) | |
| **GARY L. JOHNSON, Director,** ) | |
| **Texas Department of Criminal Justice,** ) | |
| **Institutional Division,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

---

## FORTHWITH MOTION TO ENFORCE JANUARY 12, 2001 ORDER AND STIPULATION OF STATE: MR. BARRIENTES MUST BE RELEASED FROM CUSTODY.

Petitioner Antonio Barrientes ("Mr. Barrientes" or "Petitioner"), by his undersigned counsel, submits the following forthwith motion to enforce this Court's January 12, 2001, Order ("Order"), which order includes the stipulation of the Respondent, the Director of the Texas Department of Criminal Justice, Institutional Division, that Mr. Barrientes be released from custody in the event the state court of conviction fails to take certain action within one hundred eighty (180) of the Court's Order. The state court of conviction has failed to take the required action and, accordingly, Mr. Barrientes must be released from custody forthwith.

Undersigned counsel has attempted to confer as required by Local Rule 7.1D by contacting Respondents' counsel, but was unable to reach them to discuss this motion.

## THIS COURT'S ORDER.

1.     Mr. Barrientes spent more than thirteen (13) years challenging the

constitutionality of his conviction and sentence of death.  On approximately December 18, 2000,

the Respondent confessed Mr. Barrientes' petition for writ of habeas corpus acknowledging

expressly that serious constitutional violations had occurred at his trial warranting the relief

requested.  See, Respondent Johnson's Advisory to the Court of His Abandonment of Prior

Reliance on Procedural Default ("Advisory"), filed approximately December 18, 2000.  For the

convenience of the Court, a copy of the Advisory is attached as Exh. 1.

2.     Based upon the extensive record before it and the confession of the writ by

Respondent, this Court entered its conditional issuance of habeas writ providing, in part, as

follows:

> **IT IS FURTHER ORDERED** that Petitioner shall be released from the
> custody of the Director unless the state court of conviction either (1) initiates a
> proceeding for a new sentencing trial, unless another proceeding is required by law,
> or (2) vacates Petitioner's death sentence and imposes a sentence less than death
> consistent with law, either of which must occur within one hundred eighty (180) days
> of the date of this Order.

3.     The Order requires that Mr. Barrientes *"shall be released from the custody of the*

*of the Director"* unless the state court of conviction took action as required in the Order.  The

180 day deadline for compliance expired on July 11, 2001.

## THE STATE COURT OF CONVICTION FAILED TO ACT AND THE CONDITIONS ARE VIOLATED.

4.     The state court of conviction did not act within the 180 day period to either

initiate proceedings to re-try Mr. Barrientes and seek the death penalty or vacate his sentence and

re-sentence him to a sentence less than death.  In fact, the State of Texas, by its County (Criminal

CMPDF - www.fenrir.com

District) Attorney, has yet to even announce its position in this regard. All the State of Texas has done to date is indicate to the state court of conviction that it intends to "announce" at some future time its decision as to how it may seek to proceed under the Order. Clearly, if the County (Criminal District) Attorney has yet to announce how it will proceed, the state court of conviction is not able to take any step required to comply with the July 12, 2001, deadline set by the Order. Attached is a certified copy of the current docket and record of the state court of conviction, Exh. 2.

5.     The attached documents include a filing by the County (Criminal District) Attorney titled "Motion for Setting to Initiate Proceedings and For Designation of Primary Trial Counsel" and filed with the state court of conviction on May 25, 2001. The motion, however, only requests the Court to set a hearing "at which time the State *will announce whether* it intends to 1) initiate a proceeding for a new sentencing trial, unless another is required by law, or 2) seek the imposition of a non-death sentence consistent with law." Motion, attached with Exh. 1, page 2. The County (Criminal District) Attorney's request for a hearing to "announce" a decision did not put the state court of conviction in any position to take any action to comply with the Order. The motion and request for a hearing were empty gestures and, as it turns out, the deadline passed weeks ago and there still has been no announcement by the State.

6.     It would have been so easy for the State of Texas to take the steps necessary to allow the state court of conviction to proceed in compliance with the Order. Had the State of Texas simply announced its decision and properly engaged the state court of conviction to take concrete steps to implement that decision prior to the expiration of the 180 day period, then it may have been possible for the State to argue that Mr. Barrientes should not be released from

3

custody because the state court of conviction complied with the Order. At this time, however, the deadline has passed and the Order is violated.

7.      Despite the state court of conviction's failure to act as directed by the Order, the State of Texas nevertheless continues to hold Mr. Barrientes in custody. The continued custody of Mr. Barrientes is in rank disregard of the authority of this Court and is a material breach of the stipulation previously made by the State. In fairness to the State, this Court granted its request in its Advisory for conditional issuance of habeas writ providing 180 days to make its decision and engage the state court of conviction so the court could proceed. The State has not complied and instead has attempted to unilaterally extend the deadline of the Order by filing its request to make some "announcement" in the future. As it turns out, the deadline passed weeks ago and still no "announcement" has been made.

### THE STATE PROPOSED AND STIPULATED TO THE ORDER.

8.      In its Advisory, the State asked for a conditional writ of habeas corpus which would provide a 180 day period for the state court of conviction to act and, in the event it did not, Mr. Barrientes would be entitled to "be released from the custody of the Director." Advisory, page 5, Exh. 1. In addition, the Order proposed to this Court was signed by the State and "[a]cknowledged and [s]tipulated" expressly by the State. Order, page 3. The record is clear that the State of Texas considered the possibility that the state court of conviction might not act within the 180 day deadline and, in such an event, recommended a just remedy: release from custody.

4

## MR. BARRIENTES MUST BE RELEASED FROM CUSTODY FORTHWITH.

9.     At this time Mr. Barrientes is being held in custody at the Cameron County Sheriff's Office Jail Division, 954 East Harrison, Brownsville, Texas 78520.

10.     Continuing the custody of Mr. Barrientes is in direct violation of a standing federal court order. Further, the conduct violates to federal power and jurisdiction to grant habeas corpus relief. The federal habeas statute empowers federal courts to grant relief "as law and justice require." 28 U.S.C. § 2243. The Supreme Court has emphasized consistently that a federal court is vested "'with the largest power to control and direct the form of judgment to be entered in cases brought before it on habeas corpus.'" *Hilton v. Braunskill*, 481 U.S. 770, 774, 107 S.Ct. 2113, 2118, 95 L.Ed.2d 724 (1987)(quoting *In re Bonner,* 151 U.S. 242, 260, 14 S.Ct. 323, 327, 38 L.Ed. 149 (1894)). It was that authority which allowed this Court to grant the State's request for a conditional issuance of a habeas writ. The conditions have not been met, however, and now the habeas writ must be issued.

11.     The Director must be ordered to comply with the terms of the Order by arranging for the release of Mr. Barrientes, which release must occur immediately and in any event no later than 5:00 p.m. local time on Friday, August 3, 2001.

12.     For the convenience of the Court, a proposed Order is attached.

WHEREFORE, for the reasons set forth above, Mr. Barrientes requests that this Court enforce its January 12, 2001, Order issuing his writ of habeas corpus forthwith.

5

Dated August 2, 2001.                     Respectfully submitted,

Howard M. Haenel
Attorney in Charge
Antonio Bates Bernard Professional Corporation
3200 Cherry Creek Drive South, Suite 380
Denver, CO 80209
(303) 733-3500
(303) 733-3555 (fax)

Of Counsel:

Todd E. Kastetter
Sagrillo, Hammond & Dineen, L.L.C.
1330 Seventeenth Street, Suite 100
Denver, CO 80202
(303) 825-4900
(303) 893-2363 (fax)

Joseph A. Connors III
So. Dist. Tx. Bar Id. No. 3799
Texas Bar No. 04705400
P. O. Box 5838
McAllen, Texas 78502-5838
(956) 687-8217

**ATTORNEYS FOR PETITIONER**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 2, 2001, a copy of the foregoing **Forthwith Motion to Enforce January 12, 2001 Order and Stipulation of State: Mr. Barrientes Must be Released from Custody** was served on opposing counsel by telefacsimile to the number below and first class, postage pre-paid, U.S. Mail addressed to:

> Kelli Weaver, Attorney at Law
> Assistant Attorney General
> State of Texas
> Supreme Court Building, 6th Floor
> 14th and Colorado
> Austin, Texas  78711

*Via Telefacsimile at 512-320-8132*

_____
Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| *ANTONIO BARRIENTES,* § | |
| Petitioner, § | |
| § | |
| *V.* § | CASE NO. B-89-044 |
| § | (District Judge Filemon Vela) |
| *GARY L. JOHNSON, DIRECTOR,* § | |
| *TEXAS DEPARTMENT OF* § | |
| *CRIMINAL JUSTICE,* § | |
| *INSTITUTIONAL DIVISION,* § | |
| Respondent. § | |

## RESPONDENT JOHNSON'S ADVISORY TO THE COURT OF HIS ABANDONMENT OF PRIOR RELIANCE ON PROCEDURAL DEFAULT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Gary L. Johnson, Director, Texas Department of Criminal Justice, Institutional Division, Respondent, ("the Director"), through the Attorney General of Texas, and files this his **Advisory to the Court of His Abandonment of Prior Reliance on Procedural Default.**

### I.

This is a habeas corpus case (death penalty) brought by a Texas state prisoner (Barrientes). Barrientes filed his first federal petition on March 8, 1989. The petition was amended in 1992, based upon evidence obtained by Barrientes' habeas counsel. This amended first petition contained additional factual allegations regarding a 1979 unadjudicated murder which was introduced at the punishment phase of Barrientes' trial and also the subject of a portion of the prosecutor's closing argument during the punishment



phase.[1] Two of the attachments to the amended petition were a copy of the contents of the Cameron County Sheriff's Office's file (the "file") and an affidavit of Anthony P. Calisi, the prosecutor in Barrientes capital murder trial. After the Director filed a motion to dismiss for failure to exhaust state court remedies, this court dismissed, without prejudice, for failure to exhaust. *Id.* Notwithstanding that dismissal, this court entered detailed findings of fact and conclusions of law, in which it advised that if the state court did not hold a new punishment hearing, this court would be inclined to grant habeas corpus relief on the following claims, all of which pertained to the 1979 unadjudicated murder:

> 1. Failure of the prosecution to turn over exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963).
> 2. Solicitation of false or misleading testimony by the prosecutor in violation of *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763 (1972).
> 3. Improper comments by the prosecutor during closing argument of the penalty phase of Barrientes' trial in violation of *Donnelly v. De Christoforo*, 477 U.S. 637, 94 S.Ct. 1868 (1974).
> 4. Ineffective assistance of trial counsel for failure to request a recess after evidence of a 1979 unadjudicated murder was introduced. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984).
> 5. Ineffective assistance of appellate counsel for failure to argue on appeal that the evidence of the 1979 unadjudicated murder was admitted over the objection of surprise. *Id.*

Support for these claims was derived from the Cameron County Sheriff's file which Barrrientes argued he was unable to obtain until after state habeas proceedings were completed.

After unsuccessfully appealing this court's dismissal for failure to exhaust, Barrientes returned to state court in an attempt to exhaust state remedies. The Texas Court of Criminal

---

[1]   The amended petition also contained other allegations unrelated to claims presently before this court.

Appeals dismissed his petition as an abuse of the writ pursuant to Texas Code of Criminal Procedure Article 11.071 § 5. *See, Ex parte Barrientes,* Application No. 19.007-02. On November 4, 1997, Barrientes filed his second federal petition, the subject of the instant proceedings, and re-urged the claims made to this court in his earlier petition. The Director filed his initial Answer, Motion for Summary Judgment, and Supporting Brief on or about January 7, 1998, requesting summary dismissal of the instant action. Nevertheless, this court granted habeas corpus relief on February 27, 1998, by adopting its prior advisory opinion which dismissed Cause No. B-89-044 without prejudice for failure to exhaust state court remedies. The Director timely moved for reconsideration on March 11, 1998. After the district court denied the Director's motion for reconsideration on March 19, 1998, the Director filed timely notice of appeal on March 27, 1998. Barrientes applied for a certificate of probable cause ("CPC") in this court to appeal certain claims on which habeas relief was denied. This application was treated as an application for a certificate of appealability ('COA") under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or the "(Act") and was denied on April 16, 1999.

On August 7, 2000, the Fifth Circuit handed down its opinion in which it reversed this court's order as to one claim, vacated that portion of this court's order granting relief on the aforementioned five claims, and remanded to this court for an evidentiary hearing on cause and prejudice and the merits of those five claims should this court determine that Barrientes has shown cause and prejudice for his procedural default. *See Barrientes v. Johnson,* 221 F.3d 741(5th Cir. 2000)[2].

---

[2]     The Fifth Circuit also rejected Barrientes' argument that the instant petition, his second federal petition, should be treated as a continuation of his dismissed amended first federal petition, making it subject to pre-AEDPA rules. Relying on *Graham v.*

3

## II.

The Director appealed this court's February 27, 1998, order based on a good faith belief that Barrientes' aforementioned five claims were barred as a result of procedural default pursuant to the dictates of *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639 (1986) (to establish cause for failure to exhaust state court remedies a habeas petitioner must ordinarily identify circumstances external to the defense that prevented properly asserting a claim in state court), and *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546 (1991) (in addition to demonstrating cause to overcome a procedural default, a habeas petitioner must also demonstrate actual prejudice as a result of the alleged constitutional violations). The Director did not appeal this court's holding as to the merits of Barrientes' claims.

After having had the opportunity to conduct further investigation into the events surrounding Barrientes' attempts to obtain the Sheriff's file during state habeas proceedings and to thoroughly research the pertinent case law on procedural default, the Director is of the opinion that neither the facts, nor the case law, support further litigation of the procedural default issue. The Director is also mindful of this court's admonishments regarding the merits of Barrientes' five remanded claims as evidenced by its orders entered on August 22, 1995, and February 27, 1998.

In light of the foregoing, the Director expressly abandons his prior reliance on any exhaustion, procedural default, or time bar defenses with regard to the five remanded claims, and does not dispute this court's prior determination on the merits that Barrientes is entitled to a new sentencing hearing. *See Zant v. Stephens*, 462 U.S. 862, 886, 103 S. Ct. 2733,

---

*Johnson*, 168 F.3d 762 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1830 (2000), the court explained that while Barrientes' petition is not a "second or successive" petition within the meaning of the Act, the instant petition is subject to AEDPA. *Barrientes*, 221 F.3d at 751.

2747 (1983).

## III.

WHEREFORE, PREMISES CONSIDERED, the Director hereby advises the court that he does not dispute, and will not appeal, the issuance of a conditional writ of habeas corpus with respect to the aforementioned five remanded claims. Because these claims all relate to punishment phase issues, the Director requests that said conditional writ of habeas corpus entitle Barrientes to be released from the custody of the Director, unless the state court of conviction imposes a sentence less than death, or conducts a new punishment hearing, within one-hundred and eighty (180) days of the date any appeal to the United States Court of Appeals for the Fifth Circuit or the United States Supreme Court from the final judgment denying relief as to guilt or innocence phase issues is exhausted. *See e.g. Moore v. Johnson*, 194 F.3d 586, 622 (5th Cir. 1999).

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General
for Criminal Justice

GENA BUNN
Assistant Attorney General
Chief, Capital Litigation Division

5

*Attorney-in-Charge

KELLI L. WEAVER*
Assistant Attorney General
State Bar No. 13551240

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1429
(512) 320-8132 (Fax)

ATTORNEYS FOR RESPONDENT

6

CutePDF - www.fastio.com

# CERTIFICATE OF SERVICE

I, Kelli L. Weaver, Assistant Attorney General of Texas, do hereby certify that a true

and correct copy of the above and foregoing **Respondent Johnson's Advisory to the Court**

**of His Abandonment of Prior Reliance on Procedural Default** has been served by placing

same in overnight mail, on this the 15th day of December, 2000, addressed to:

Howard M. Haenel
3200 Cherry Creek Drive South, #380
Denver, Colorado 80209

Todd E. Kastetter
475 Seventeenth Street, 16th Fl.
Denver, Colorado 8000202

KELLI L. WEAVER
Assistant Attorney General

7

# CRIMINAL DOCKET

CERTIFIED COPY

Case No. 84-CR-114-C

| NAMES OF PARTIES | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|
| | | | Month | Day | Year |
| THE STATE OF TEXAS VS ANTONIO BARBIENTES | DISTRICT ATTORNEY: CAMERON COUNTY | CAPITAL MURDER | 05 | 23 | 84 |

| Date of Orders | | | ORDERS OF COURT | PAPERS FILED |
|---|---|---|---|---|
| Month | Day | Year | | |
| 7 | 23 | 97 | ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS, SIGNED FOR ENTRY CHESTER/EC | 07/07/97 SECOND APPLICATION FOR POST-CONVICTION WRIT OF HABEAS |
| 10 | 08 | 97 | APPLICATION FOR WRIT OF HABEAS CORPUS DISMISSED WITHOUT WRITTEN ORDER BY COURT OF CRIMINAL APPEALS/ | 7/22/97 STATE'S PROPOSED ORDER ON APPLICANT'S SECOND APPLI- |
| 05 | 25 | 2001 | Based on STATES MOTION FOR SETTING TO INITIATE PROCEEDINGS AND FOR DESIGNATION OF TRIAL COUNSEL SET FOR 06/05/01 @ 9:00 AM...MLOPEZ/ILRCD | CATION FOR WRIT OF HABEAS CORPUS (WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW |
| 6 | 01 | | State announced ther Intention for proceedings; Status Hearing set for 7/2/01 @9am  mlm | 8/11/97 WRIT II MAILED TO COURT OF CRIMINAL APPEALS |
| | | | proceedings; Status Hearing set for 7/2/01 @9am  mlfid | 05/25/01 MOTION FOR SETTING TO INITIATE PROCEEDINGS AND FOR DESIGNATION OF PRIMARY TRIAL COUNSEL |
| 10 | 8 | 01 | Warrant Re Set in Livingston Tx 77351 in recompt back 114145 in recompt back 114145 Hearing reset 7:20 p.m.  mlm | 06/20/01 BENCH WARRANT ISSUED: SERVED: |
| 7 | 2 | 01 | Ct Appt Hon A Padilla to represent D Parties to contact Ct coordinator & setting | |

EXHIBIT 2

No. _____

The State of Texas          vs.

| Date of Orders | | ORDERS OF COURT | PAPERS FILED |
|---|---|---|---|
| Month | Day | Year | | |

for Anna / Trial. CT coordinator to find
but if nothing life or death & then advise
clerk to enlist for jury.   m/no

7 13 01 | Announcement to seek type of Penalty
to determine Trial date set for 8/15/01
@ 9am ; all parties advised   m/c/j

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY, TEXAS
DATE 02-25-08
BY _____ DEPUTY

VOL _____   PAGE _____

CERTIFIED COPY

CAUSE NO. 84-CR-314-C

| STATE OF TEXAS | § | IN THE DISTRICT OF |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| Antonio Barrientes | § | 197TH DISTRICT COURT |

### ORDER APPOINTING ATTORNEY

The Court having determined that, Antonio Barrientes,

Defendant in this cause, is too poor to employ counsel:

IT IS ORDERED that such Defendant file an affidavit of indigency and that

Honorable Alfredo Padilla, a practicing attorney be, and he is hereby,

appointed to defend such Defendant.

Signed: 7/5 , 20 01.

Migdalia Lopez

Migdalia Lopez, Judge Presiding

AURORA DE LA GARZA DIST. CLERK

JUL -5 2001

### ATTORNEY'S CLAIM FOR COMPENSATION

I hereby make claim against Cameron County, Texas, for compensation for representation of the above Defendant under Article 26.05 of the Code of Criminal Procedure. I swear that I actually appeared in Court in this Court on each of the following days (list exact dates):_____

_____

_____
Attorney's Signature

Attorney's Mailing Address:
1000 E. Van Buren St.
Brownsville, TX 78520

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20 ____.

_____
Notary Public – State of Texas

APPROVED FOR PAYMENT:

$ _____

_____
Migdalia Lopez, Judge Presiding

Copies to:
Assistant District Attorney
Defense Attorney
Defendant: Cameron County Jail 1-C

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 07-20-01
BY _____
DEPUTY

CERTIFIED
COPY

CAUSE NO. 84-CR-314-C

| STATE OF TEXAS | ][ | IN THE DISTRICT COURT |
| v. | ][ | 197TH JUDICIAL DISTRICT |
| ANTONIO BARRIENTES | ][ | CAMERON COUNTY, TEXAS |

## MOTION FOR SETTING TO INITIATE PROCEEDINGS
## AND FOR DESIGNATION OF PRIMARY TRIAL COUNSEL.

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now State of Texas, by its County (Criminal District) Attorney, Yolanda de Leon, and files its Motion for Setting to Initiate Proceedings and for Designation of Primary Trial Counsel in the above-styled and -numbered cause of action and, for cause, shows the following:

I.

On January 12, 2001, Defendant's judgment of punishment was ordered remanded to this Court by Judge Filemon Vela for the 1) initiation of a proceeding for a new sentencing trial, unless another is required by law, or 2) the imposition of a non-death sentence consistent with law. In Judge Vela's Order, Mr. Joseph A. Connors, III was listed as the only Texas "Of Counsel" for Defendant.

The State wishes to have a hearing date, at which time it will announce which avenue lawfully available it will take.

. II.

Additionally, the State requests that Defendant be ordered through Mr. Connors, his only Texas "Of Counsel," to designate Defendant's primary trial counsel for the hearing

MOTION, P. 1 OF 3

sought by this Motion, and for all others thereafter.

III.

There is no State or federal impediment to an entry of Order setting a hearing date for these hearings, and the State has no reason to believe that Mr. Connors is no longer "Of Counsel."

WHEREFORE, PREMISES CONSIDERED, State of Texas prays the Court will enter an Order setting a hearing, at which time the State will announce whether it intends to 1) initiate a proceeding for a new sentencing trial, unless another is required by law, or 2) seek the imposition of a non-death sentence consistent with law.

State of Texas also prays that the Court will include in said Order a directive to Mr. Connors, Defendant's closest "Of Counsel," ordering him to appear at said hearing on Defendant's behalf, and to announce who will be Defendant's primary trial counsel for such future proceeding(s) as the State announces it will initiate.

If Connors announces at that time that he is no longer Defendant's "Of Counsel," and does not know who is, or will be, the State prays this Court will appoint primary trial counsel for the Defendant at that time.

MOTION, P. 2 OF 3

RESPECTFULLY SUBMITTED BY:

YOLANDA DE LEON,
Cameron County
(Criminal District) Attorney

JOHN A. OLSON,
Assistant County
(Criminal District) Attorney
Cameron Co. Courthouse
974 East Harrison St., 2nd Floor
Brownsville TX 78520
956.544.0849 Voice/544-0869 Fax
Texas Bar No. 015274750
Board Certified, Criminal Law
Tex. Bd. Of Legal Specialization

## CERTIFICATE OF SERVICE.

I certify that a copy of the foregoing State's Motion for setting was mailed by first class mail

to the Law Office of Joseph A. Connors, III, nearest "Of Counsel" for Antonio Barrientes,

POB 5838, McAllen TX. 78502-5838, on May 25, 2001.

JOHN A. OLSON

A TRUE COPY I CERTIFY
AURORA DE LA GARZA
DISTRICT COURT CAMERON COUNTY TEXAS
DATE 07-25-01
BY _____
DEPUTY

e:\antonio.dpc

MOTION, P. 3 OF 3

CAUSE NO. 84-CR-314-C

CERTIFIED COPY

| STATE OF TEXAS | ][ | IN THE DISTRICT COURT |
| v. | ][ | 197TH JUDICIAL DISTRICT |
| ANTONIO BARRIENTES | ][ | CAMERON COUNTY, TEXAS |

## ORDER ON STATE'S MOTION FOR SETTING TO INITIATE
## PROCEEDINGS AND FOR DESIGNATION OF TRIAL COUNSEL.

Today, after considering the State's Motion for setting to Initiate Proceedings and for Designation of Trial Counsel in the above-styled and -numbered cause of action, this Court concludes that it should be GRANTED.

The State is hereby ORDERED to appear before this Court on the _6th_ day of _June_, 2001, at _9_, _A_.M., at which time the State shall announce whether it intends to 1) initiate a proceeding for a new sentencing trial, unless another is required by law; or 2) seek the imposition of a non-death sentence consistent with law.

Mr. Joseph A. Connors, III, Defendant's closest "Of Counsel," is also ORDERED to appear at said hearing on Defendant's behalf, and announce who will be Defendant's primary trial counsel for such proceeding(s) as the State announces it will initiate. If Mr. Connors announces that he does not know, this Court will grant the State's Prayer and will appoint primary trial counsel for Defendant at that time.

For all of which, the Clerk of this Court is directed to issue notice to the persons listed herein below.

Signed for entry on May _25_, 2001.


BARRIENTES ORDER, P. 1 OF 2

_Migdalia Lopez_

HON. MIGDALIA LOPEZ,
Judge Presiding
197th Judicial District

MAY 30 2001

Mr. John T. Blaylock,
Chief A.D.A.

Mr. Joseph A. Connors, III
POB 5838
McAllen TX. 78502-5838
Defendant's "Of Counsel"

FILED _4:00_ O'CLOCK _P_ M
AURORA DE LA GARZA DIST CLERK

MAY 25 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____
BY _____
DEPUTY

DISTRICT COURT
CAMERON COUNTY, TEXAS

BARRIENTES ORDER, P. 2 OF 2


**CERTIFIED COPY**

## CAUSE NO. 1984-CR-314-C

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| **ANTONIO BARRIENTES** | § | 197TH JUDICIAL DISTRICT |

### NOTICE OF SETTING

Court's Petition for Announcement to seek type of Penalty to determine Trial Date in the above styled and numbered cause is hereby set for **August 10, 2001 at 9:00 a.m.** in the 197th District Courtroom-Third Floor, Cameron County Courthouse, 974 E Harrison Street, Brownsville, Texas.

Dated: July 13, 2001

**MIGDALIA LOPEZ
JUDGE PRESIDING**

Copies to:
Hon John Blaylock, Assistant District Attorney
Hon Alfredo Padilla
File



A TRUE COPY I CERTIFY
**AURORA DE LA GARZA, CLERK**
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 07-26-01
BY _____
DEPUTY

DISTRICT COURT
CAMERON COUNTY, TEXAS